■ In the Matter of the Claim of NORMAN BRANDMARK, Appellant, v. FRENAT SERVICE CORP. et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— This is an appeal by the claimant from a decision of the Workmen's Compensation Board which reversed the decision of the Referee and found the claimant not entitled to compensation on the sole ground that the heart attack did not arise out of and in the course of his employment. The appellant argues that the accident arose out of and in the course of employment as a matter of law, while the respondent contends that the issue was a question of fact and that there was substantial evidence to support the finding of the board. The facts are not in dispute. The claimant, a taxi driver, on July 26, 1958, while on duty, was hailed by a woman on one of the streets in New York City and was asked to help her carry some bundles from her apartment to the cab. The woman was moving to a new apartment in a different location. After performing these duties, the claimant drove the passenger to her new location, the trip consuming three minutes and the meter charge being 65 cents. Upon arrival, he parked the cab and for approximately the next 20 minutes he proceeded to make four trips into the new location, which was three flights up from the street level, carrying articles weighing from 20 to 90 pounds. While performing these duties he became ill and a short time after resuming his taxi duties, it was necessary for him to take the cab to the garage and leave, because of such illness. He received a gratuity from the passenger of $4 for the services rendered in her behalf. Following the first hearing, the Referee found in favor of the claimant. In a memorandum decision, dated April 14, 1960, the board found that the record required further development on the issue of employer-employee relationship and directed that a proper official of the Hack Bureau, Police Department, be called to testify as to the rules and regulations for taxi drivers. Thereafter, a police officer of the New York City Police Department was called to testify and the Referee again found in favor of the claimant, stating "The testimony adduced before me here today does at no time disclose that the claimant has violated any rules of the Department of Licenses". Subsequently the board, by a divided vote, reversed the decision of the Referee, the majority finding that "by leaving the taxi unattended in violation of Police Department regulations, the claimant had voluntarily removed himself from his employer's employment." The testimony of the police officer does not establish the violation of any rule or regulation of the Hack Bureau, Police Department. The police officer testified that if a taxi driver abandoned his cab, leaving his credentials therein, it would be a violation but there is no testimony that the claimant left his credentials in the cab. The remaining part of the testimony of the police officer is vague and indefinite and in any event, it would appear not to apply to the activities of the claimant on the day of the accident. We do not pass upon the merits other than to say that there is no substantial evidence to sustain the specific finding of the board "that by leaving the taxi unattended in violation of Police Department regulations, the claimant had voluntarily removed himself from his employer's employment and his accident therefore did not arise out of and in the course of his employment". The question whether or not the other acts of the claimant evidenced an abandonment of his employment constitutes an issue within the area of decision committed to the board (cf. *Matter of Dearing* v. *Union Free School Dist. No. 1*, 297 N. Y. 886, 887) and one upon which we do not pass, absent a specific finding. Decision and award reversed and matter remitted to the Workmen's Compensation Board, with costs to the claimant-

appellant against the insurance carrier. Coon, J. P., Gibson, Herlihy, Reynolds and Taylor, JJ., concur.